UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HANCOCK BANK, a Mississippi
banking corporation,

    Plaintiff,

vs.                                        Case No: 3:13-cv-71-J-25MCR

HILL STREET, L.L.C., a Florida limited
liability company, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant, Hill Street L.L.C.'s Motion to Compel (Doc. 58) filed October 1, 2013. In the Motion, Defendant requests an Order compelling Plaintiff to file more complete responses to its first interrogatories and first requests for production of documents. Additionally, Defendant asks that Plaintiff be required to file a more comprehensive privilege log. Plaintiff filed a response in opposition to this motion (Doc. 66) on October 18, 2013.[1] Accordingly, the matter is now ripe for judicial review.

**I. BACKGROUND**

On January 17, 2013, Plaintiff filed the Complaint in this case against a borrower, Hill Street, L.L.C., seeking to recover on a defaulted consolidated note and to foreclose mortgages on properties used as security for the consolidated note. (Doc.1). Additionally, Plaintiff sued numerous other defendants who executed guaranties on the

---

[1] Plaintiff also filed a request for oral argument on the instant motion. (Doc. 67). After reviewing the parties' submissions and in an effort to keep discovery moving, the Court does not believe oral argument is necessary and will therefore, deny Plaintiff's request.

consolidated note and seeks to enforce those guaranties due to Hill Street's default. Id.[2]

On May 30, 2013, Defendant, Hill Street, served Plaintiff with its first interrogatories and first requests for production of documents. Defendant contends Plaintiff failed to properly respond to these discovery requests and therefore, filed the instant motion.

## II.  ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant case, Defendant contends Plaintiff failed to properly respond to numerous discovery requests and failed to provide an adequate privilege log to support

---

[2] On August 6, 2013, Plaintiff filed an Amended Complaint (Doc. 45) adding additional guarantors as new defendants.

its claims of attorney-client and work product privilege. As Plaintiff indicates its primary objection to the discovery is based on relevance and it only objected to certain requests on the basis of privilege "[o]ut of an abundance of caution," (Doc. 66 p.3), the Court will analyze the relevancy objections first and then examine the privilege log with respect to any production required thereafter.

**A. Relevancy Objections to Discovery Requests**

As an initial matter, the Court notes Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed.R.Civ.P. The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

"Thus, although the undersigned is aware that the threshold for determining whether discovery is relevant is relatively low, the 'proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.'" Diamond State Ins. Co. v. His House, Inc., No. 10-cv-20039, 2011 WL 146837, *5 (S.D. Fla. Jan. 18, 2011) (quoting Peacock v. Merrill, No. 05-cv-0377, 2008 WL 176375, *8 (S.D. Ala. Jan.17, 2008)).

The Court will examine Plaintiff's specific relevancy objections.

### 1. **Interrogatory No. 11**

In this interrogatory, Defendant asked Plaintiff to describe its due diligence prior to purchasing the loan at issue. Defendant argues the information regarding Plaintiff's due diligence is relevant to its affirmative defenses. Specifically, Defendant argues one of its defenses is that Plaintiff does not own the note because of improper assignments of the loan instruments. Defendant believes information regarding Plaintiff's due diligence prior to purchasing the loan will shed light on this defense. Plaintiff responds that any due diligence it performed **prior** to purchasing the loan documents has nothing to do with whether the loan documents were properly assigned. The Court agrees. Additionally, to the extent Defendant argues information regarding Plaintiff's due diligence would shed light on its estoppel defense, Defendant has failed to carry its burden of demonstrating relevance. Defendant provides no explanation to support this allegation. Accordingly, Defendant's request to compel a more complete response to this interrogatory is denied.

### 2. **Interrogatory No. 16**

Interrogatory 16 seeks information regarding any communications between Plaintiff and the FDIC and/or Peoples First regarding the loans or any other matters asserted in the litigation. Defendant takes the position that these communications are relevant because they "could corroborate Defendant's affirmative defenses." (Doc. 58, p.10). As an example, Defendant posits that if Plaintiff discussed why it and its predecessors waited to pursue their claims against the defendants, said discussions would support Defendant's laches defense. Id. Plaintiff responds that any discussions

it had with the FDIC are not relevant to the instant case. Again, the Court agrees. Defendant has failed to satisfy its burden to show the information requested is relevant. As for Defendant's claim that there might be discussions regarding why Plaintiff waited to pursue its claims, Defendant is free to serve Plaintiff will an interrogatory asking for any information related to Plaintiff's decision to pursue its claims. The Court will deny Defendant's request to compel Plaintiff to provide a more detailed response to this interrogatory.[3]

### 3. Interrogatories Nos. 18-21

With respect to Interrogatories 18 through 21, Defendant seeks information regarding Plaintiff's internal valuation of the loan. Defendant argues this information **could** support its laches and/or estoppel defenses because the evidence **could** show Plaintiff's internal valuation immediately following the maturity date remained high and this "**could** explain why the bank sat on its right to bring this case." (Doc. 58, p.12). This speculation is not enough to establish relevancy. If Defendant wishes to gain information supporting its defenses of laches and estoppel, Defendant should serve Plaintiff with discovery requests narrowly tailored to those issues. Interrogatories 18 through 21 are certainly not narrowly tailored and the Court will not require Plaintiff to provide further responses to them as they do not seek relevant information.

### 4. Document Requests No. 32-38

In these requests, Defendant seeks documents showing how Plaintiff valued the loan and the collateral securing the loan. Again, Defendant argues this information is relevant to its laches and estoppel defenses. Additionally, Defendant takes the position

---

[3] Plaintiff has agreed to revise its response to this interrogatory with respect to communications with Peoples First to reflect that no such communications occurred. That revised response shall be provided to Defendant no later than **November 4, 2013**.

that reviewing Plaintiff's internal policies and procedures will allow it to determine if Plaintiff violated its own policies and therefore, provide Defendant with an additional defense. Once again, the Court does not believe Defendant satisfied its burden to show relevancy. The Court is not inclined to allow Defendant to go on a fishing expedition to see if it can locate some evidence potentially allowing it to raise a presently non-existent defense. See Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit [a party] to go on a fishing expedition."). Accordingly, Plaintiff will not be required to produce additional documents responsive to these requests.

### 5. Document Request No. 45

In this request, Defendant seeks documents regarding any regulatory examination of the loan. Defendant argues this information is relevant because examinations "likely discuss the status of the loan and the collateral" and "also often discuss the validity and enforceablity of the loan documents." (Doc. 58 p. 16). Plaintiff did not address this request. As the Court believes it is possible that documents discussing the validity and enforceability of the loan documents may be relevant, the Court will require Plaintiff to produce any regulatory examination of the loan which discusses the validity and/or enforceability of the loan documents. Plaintiff shall produce these documents no later than **November 4, 2013**.

### 6. Document Request No. 46

In this request, Defendant seeks documents evidencing any loss calculation, including the calculation for any payment from any third party for the loss regarding the loan. Defendant argues this information is relevant to Plaintiff's potential damages and Defendant's defenses. As Defendant does not specify how information regarding any

loss calculation would be relevant to its defenses and the Court does not believe it would be, the Court will move on to consider whether such information may be relevant to Plaintiff's damages.

Plaintiff points out that its damages will be based on the terms of the loan documents and not upon its loss calculations. The Court agrees. Whether and/or to what extent Plaintiff suffered a loss as a result of the loan has no bearing on the amount of damages Plaintiff may be awarded. Plaintiff's damages are determined by the language of the loan documents. Accordingly, the Court will not require Plaintiff to respond further to this request.

### 7. Document Requests Nos. 51-53

These requests seek correspondence between Plaintiff and the FDIC. Defendant believes these documents are relevant to its defenses because they may discuss the validity and enforceability of the loan. Plaintiff responds that it has provided Defendant with the Purchase and Assumption Agreement between it and the FDIC and that is all it is required to produce.

While the Court agrees with Plaintiff that these requests seek much irrelevant information, to the extent they seek discussions of the validity or enforceability of the loan at issue in this case, the Court believes they may seek relevant information and will require Plaintiff to produce said documents. Accordingly, Plaintiff is required to produce any correspondence between the FDIC and Plaintiff specifically addressing the validity and/or enforceability of the loan. These documents shall be produced no later than **November 4, 2013**.

### 8. Document Request No. 55

This request seeks any documents relating to "the FDIC's audit of Peoples First Community Bank leading to the bank's failure." (Doc. 58, p. 20). Plaintiff originally objected on the basis of relevancy, however, now responds that it has no responsive documents in its possession, custody, or control. Plaintiff shall provide an amended response to Document Request No. 55 reflecting the lack of responsive documents no later than **November 4, 2013**.

### 9. Document Request No. 56

This request seeks a copy of any investor loss mitigation guidelines or loan modification guidelines related to the loan. Defendant argues this information is relevant because if Plaintiff failed to comply with its own policies and procedures, such would support Defendant's defenses and possibly create additional defenses. Plaintiff argues that this information is not relevant. Additionally, Plaintiff states that it does not possess such guidelines relating to the subject loan. As no responsive documents exist, the Court need not examine the potential relevancy of this request. Plaintiff is directed to provide an amended response to Defendant's Document Request No. 56 no later than **November 4, 2013** reflecting the fact that no responsive documents exist.

### 10. Document Requests Nos. 57-58

These requests seek copies of all civil actions, adversary proceedings, or administrative proceedings filed against Plaintiff in the past sixty months and any documents relating to these proceedings, including customer complaints. Defendant argues these documents are relevant to its defenses "as there may be other instances where a defendant borrower has raised similar affirmative defenses surrounding

misrepresentations on the part of [Plaintiff] at the time of a loan renewal or workout." (Doc. 58 p. 22). The Court does not agree that this information is relevant. What another borrower may have argued about Plaintiff's conduct regarding some other loan is of no import in this case. The Court will deny Defendant's request for an Order compelling further responses to these discovery requests.

**B. <u>Privilege Log</u>**

Based on Plaintiff's representations, the Court believes the only entries at issue in the privilege log would be those documents deemed relevant by the Court. As the Court is requiring Plaintiff to produce documents regarding any regulatory examination of the loan which discusses the validity and/or enforceability of the loan documents and any correspondence with the FDIC discussing the same, it is the Court's understanding that only the entries reflecting these documents are at issue. Because it is impossible to determine which entries in the privilege log, if any, refer to these documents, the Court cannot determine the sufficiency of the privilege log at this time.

In addition to relevancy, Plaintiff objected to producing the documents at issue on the bases that they were protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and/or "another applicable privilege or discovery immunity." However, the party claiming a privilege bears the burden of establishing the elements for the privilege. <u>CSX Transportation, Inc. v. Admiral Ins. Co.</u>, No. 93-cv-132, 1995 WL 855421 *1 (M.D. Fla. July 20, 1995) (quoting, <u>Bowne of New York City, Inc. v. AmBase Corp.</u>, 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (citations omitted)). To satisfy this burden, the party asserting the privilege must make an "evidentiary showing based on

competent evidence," rather than "mere conclusory or *ipse dixit* assertions." Id. (quoting Bowne of New York City, Inc., 150 F.R.D. at 470 (citations omitted)).

Here, Plaintiff has made no showing regarding the documents at issue. Accordingly, Plaintiff has failed to satisfy its burden. In an abundance of caution, the Court will provide Plaintiff with an opportunity to assert a privilege if it is confident that a legitimate privilege attaches to any documents it has been ordered to produce. In such event, Plaintiff is required to provide Defendant with sufficient information regarding the document and its creation so that Defendant can properly evaluate the claim of privilege. Failure to do so may result in the imposition of sanctions against a party or attorney the Court finds has acted in an unreasonable manner. This information shall be produced to Defendant no later than **November 4, 2013**.

## C. Additional Issues

While Defendant has requested sanctions against Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court does not believe such an award is warranted in the instant case. The Court upheld the majority of Plaintiff's objections and believes Plaintiff's objections to the discovery requests at issue in this case were substantially justified. Accordingly, Defendant's request for sanctions is denied.

Finally, the Court is aware of Defendant's concern regarding the time remaining for discovery. After Plaintiff produces the documents referenced in this Order, the parties are directed to confer and discuss a schedule for completion of discovery. If the parties believe they will need more time, they may file a motion seeking an extension. The parties are urged to refrain from designating any such motion as an emergency motion unless the circumstances truly warrant such designation.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 58) is **GRANTED IN PART AND DENIED IN PART** as provided in the body of this Order.

**DONE** and **ORDERED** in Jacksonville, Florida this __22nd__ day of October, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record