UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HANCOCK BANK, a Mississippi
banking corporation,

    Plaintiff,

vs.                                                  Case No: 3:13-cv-71-J-25MCR

HILL STREET, L.L.C., a Florida limited
liability company, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant, Hill Street L.L.C.'s Motion to Compel (Doc. 74) filed December 2, 2013. In the Motion, Defendant requests an Order compelling Plaintiff to produce documents responsive to its requests for production of documents. Plaintiff filed a response in opposition to this motion (Doc. 82) on December 12, 2013.[1] Accordingly, the matter is now ripe for judicial review.

**I. BACKGROUND**

On January 17, 2013, Plaintiff filed the Complaint in this case against a borrower, Hill Street, L.L.C., seeking to recover on a defaulted consolidated note and to foreclose mortgages on properties used as security for the consolidated note. (Doc.1). Additionally, Plaintiff sued numerous other defendants who executed guaranties on the

---

[1] Plaintiff also filed a request for oral argument on the instant motion. (Doc. 76). After reviewing the parties' submissions, the Court does not believe oral argument is necessary and will therefore, deny Plaintiff's request.

consolidated note and seeks to enforce those guaranties due to Hill Street's default. Id.[2]

On May 30, 2013, Defendant, Hill Street, served Plaintiff with its first requests for production of documents. Defendant contends Plaintiff failed to produce all responsive documents. Specifically, Defendant took the deposition of David McCranie, a former special assets officer for Plaintiff and "the primary point of contact on behalf of [Plaintiff] with the borrower and guarantors from approximately December of 2010 through January of 2013." (Doc. 74, p.2). During his deposition, Mr. McCranie testified about memoranda he prepared regarding the Loan and emails he sent to various employees of Plaintiff regarding the Loan. Mr. McCranie also testified that he maintained a hard copy "working file" on the Loan, which was in his office when his employment with Plaintiff was terminated in January of 2013. Defendant argues that Plaintiff has failed to produce the emails, memoranda, and files referenced by Mr. McCranie. Additionally, Defendant contends Plaintiff improperly removed documents from its privilege log. Finally, Defendant takes the position that Plaintiff is improperly withholding documents on the basis of confidentiality and work product.

## II. ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

---

[2] On August 6, 2013, Plaintiff filed an Amended Complaint (Doc. 45) adding additional guarantors as new defendants.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

As noted above, Defendant contends Plaintiff is failing to produce documents referenced by Mr. McCranie during his deposition. Additionally, Defendant believes Plaintiff improperly removed responsive documents from its privilege log and is improperly withholding documents on the basis of confidentiality and work product. The Court will examine each of these contentions.

### A. Documents referenced by Mr. McCranie

In the instant case, Defendant contends Plaintiff failed to properly produce the relevant, responsive documents about which Mr. McCranie testified. Specifically, Defendant takes the position that Plaintiff is improperly withholding emails, memos, and entries to Plaintiff's KO system.[3] Defendant points to Mr. McCranie's testimony that he sent and received at least one hundred emails to and from his supervisor, Bill Wilson, regarding the Loan. Plaintiff responds that it produced all emails in its possession. Plaintiff points out that Mr. McCranie also testified he routinely deleted emails from his Outlook account because it became too full. The Court will accept counsel for Plaintiff's

---

[3] The KO system is an "internal system that allowed someone to make short notes on the bank's dealings with the borrower." (Doc. 74, p.6).

representations that Plaintiff is not withholding any relevant, non-privileged emails. It is certainly possible that the emails to which Mr. McCranie was referring were deleted.

With respect to memoranda, Defendant also believes Plaintiff is improperly withholding memos and reports regarding the Loan. Plaintiff points out that Mr. McCranie's testimony regarding his memos was not entirely clear as to how many memos he prepared. On the one hand, Mr. McCranie testified that he was meticulous about keeping files up to date, however, he also failed to recall if he prepared memos after many meetings he had with the borrowers. Plaintiff represents that it has produced all but three of the memoranda it was able to locate prepared by Mr. McCranie. The other three were withheld on the basis of privilege or relevance. Plaintiff also represents that it was not able to locate a hard copy working file for Mr. McCranie. Once again, the Court believes Defendant has failed to demonstrate that Plaintiff is improperly withholding documents. Plaintiff provided an affidavit from Renee Mashburn, Plaintiff's Loss Share Assets Assistant, who explained the steps she took to gather information responsive to the discovery requests. The Court is simply not convinced Plaintiff is failing to turn over the materials referenced by Mr. McCranie.

Finally, with respect to the KO Report, Defendant notes that Plaintiff produced the KO Report for the Loan, however, there were no entries for the period of time from July 2011 to July 2012. Although Mr. McCranie did not specifically recall making an entry during that time, he believed it was unlikely that he did not because he had been "pretty religious about using KO." (Doc. 74, p.6). Plaintiff responds that the complete KO Report related to the Loan has been produced. Further, Plaintiff asserts that following Mr. McCranie's deposition, it conducted an investigation to determine whether

any entries to the KO Report had been deleted or were otherwise missing. Plaintiff determined that no entries had been deleted. Indeed, Plaintiff learned from the vendor of the KO system that it is not possible to delete entries. Accordingly, the Court is again unconvinced that Plaintiff is improperly withholding any KO Report entries.

### B. Removal of Documents from Privilege Log

Defendant takes the position that Plaintiff improperly removed several documents from the privilege log. Plaintiff did so following the Court's October 22, 2013 Order (Doc. 68) granting in part and denying in part Defendant's first motion to compel. In that Order, the Court upheld several of Plaintiff's objections to Defendant's discovery requests on the grounds that they did not seek relevant information. Based on this ruling, Plaintiff removed several documents from its privilege log as they were not relevant. Defendant takes the position that even though the Court ruled certain of its requests sought irrelevant information, Defendant is still entitled to many of the documents under a more general discovery request. Specifically, Defendant points to its Request for Production No. 10 which states:

> Please produce each and every non-privileged document that constitutes, evidences, refers, or relates to any correspondence or other communication between Plaintiff and any Person not a party to this lawsuit regarding or concerning the Loan and/or the subject matter of this litigation, including but not limited to any notes, minutes, memoranda recording meetings or communications regarding valuation of the Property.

(Doc. 74, p.21). Plaintiff responds by pointing out that documents responsive to a request found to be seeking irrelevant information are not automatically deemed relevant simply because they are responsive to a more general request. (Doc. 82, p.19). The Court agrees.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385 (1947)). "Thus, although the undersigned is aware that the threshold for determining whether discovery is relevant is relatively low, the 'proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.'" Diamond State Ins. Co. v. His House, Inc., No. 10-cv-20039, 2011 WL 146837, *5 (S.D. Fla. Jan. 18, 2011) (quoting Peacock v. Merrill, No CA 05-0377-BH-C, 2008 WL 176375, *8 (S.D. Ala. Jan.17, 2008)). Here, Defendant has not met that burden with respect to the documents it alleges Plaintiff improperly removed from the privilege log. All Defendant states is that Plaintiff "improperly removed entries from its log that are responsive to Defendant's Documents Requests" (Doc. 74, p.14) and points to an extremely general, broad request. This is not enough. Accordingly, the Court will deny Defendant's Motion to Compel insofar as Defendant argues Plaintiff improperly removed items from the privilege log.

### C. Confidential Documents

Next, Defendant argues Plaintiff improperly withheld eighty documents on the basis that they were confidential and/or proprietary. Plaintiff responds that it is only withholding seven documents on the grounds of confidentiality and these documents

are tax returns of three individuals.[4] Plaintiff provides no legal authority to support its failure to produce the documents and instead states that it is willing to produce the tax returns "subsequent to the execution of a Confidentiality Agreement acceptable to all parties and with the permission of any affected individuals or entities not a party to the Confidentiality Agreement." (Doc. 82, p.15). The Court will direct Plaintiff to produce the tax returns on or before **Wednesday, January 8, 2014**. The parties are free to agree to a confidentiality agreement without further Court intervention, however, failure to agree to the terms of a confidentiality agreement will not excuse failure to produce the documents by the date noted.[5]

### D. Work Product Doctrine

Defendant next complains that Plaintiff is improperly withholding business records based on the work product doctrine. Specifically, Defendant argues Plaintiff has withheld eighty-three documents on the basis of work product. Again, Defendant includes documents removed from the second amended privilege log and the Court will not address those. As for the remaining ten documents, Plaintiff asserts it has produced two of them and that the remaining eight are indeed work product and/or protected by the attorney-client privilege.[6] As Defendant has not contested the attorney-client privilege assertion, the Court will limit its examination to the eight documents being withheld on the basis of the work product doctrine.

---

[4] The remaining seventy-three documents were removed from the privilege log as being irrelevant. As the Court ruled Defendant failed to meet its burden to show these documents were relevant, the Court will not discuss them further.

[5] Counsel and the parties should be aware that this deadline does not grant anyone license to behave in an unreasonable fashion. Indeed, any party or counsel doing so will face sanctions.

[6] Plaintiff produced documents 37 and 119 and designated documents 80 and 86 as being protected by the attorney-client privilege in addition to the work product doctrine.

"The work product doctrine was created to allow attorneys to make careful and thoughtful preparation for litigation, without fear that their adversaries will unfairly benefit from their efforts." Bridgewater v. Carnival Corp., 286 F.R.D. 636, 639 (S.D. Fla. 2011) (citing Hickman v. Taylor, 329 U.S. 495, 510–11, 67 S.Ct. 385 (1947)).  The doctrine was first recognized by the Supreme Court in Hickman v. Taylor and is now also codified in Rule 23(b) of the Federal Rules of Civil Procedure.  It offers qualified protection for materials that are: (1) documents or tangible things, (2) prepared in anticipation of litigation, (3) by or for a party, or for his representatives.  Bridgewater, 286 F.R.D. at 639 (citations omitted).

In the instant case, Plaintiff asserts that documents numbered 116, 118, 130, 131, 134, and 138 are internal communications between Plaintiff's employees occurring between October 24, 2012 and December 31, 2012, that relate to the filing of the foreclosure action and the strategy to be pursued in that litigation.  (Doc. 82, pp. 16-17).  Additionally, Plaintiff is withholding documents numbered 44 and 47, which appear to be another internal correspondence and an internal memorandum.

"The party claiming a privilege has the burden of proving its applicability." Bridgewater, 286 F.R.D. at 637.  Moreover, as the court in Bridgewater noted:

> "[a] failure of proof as to any element causes the claim of privilege to fail." North Carolina Elec. Membership Corp. v. Carolina Power & Light Co., 110 F.R.D. 511, 515 (M.D.N.C.1986).  "That burden is not, of course, discharged by mere conclusory or *ipse dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed." In re Bonanno, 344 F.2d 830, 833 (2nd Cir. 1965).  The party claiming the privilege must provide the court with underlying facts demonstrating the existence of the privilege, which may be accomplished by affidavit. United States v. Osborn, 561 F.2d 1334, 1339 (9th Cir.

> 1977). "Unless the affidavit is precise to bring the document within the rule, the Court has no basis on which to weigh the applicability of the claim of privilege. An improperly asserted claim of privilege is no claim of privilege at all." International Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 94 (D. Del. 1974). "[S]ubmitting a batch of documents to the Court *in camera* [does not] provide an adequate or suitable substitute because the Court is often without information of what the document concerns or how it came into being or other relevant information which would enable it to determine whether the documents are privileged." Id.
>
> This burden, to sustain a claim of privilege, is heavy because privileges are "not lightly created nor expansively construed, for they are in derogation of the search for the truth." United States v. Nixon, 418 U.S. 683, 710, 94 S.Ct. 3090 (1974); see also United States v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724 (1950) (privileges contravene the fundamental principle that "the public ... has a right to every man's evidence"). They must be strictly construed and accepted "only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." Trammel v. United States, 445 U.S. 40, 50, 100 S.Ct. 906 (quoting Elkins v. United States, 364 U.S. 206, 234, 80 S.Ct. 1437 (1960)).

Bridgewater, 286 F.R.D. at 638-39.

Applying these principals to the instant case leads the undersigned to find that Plaintiff has not satisfied its burden of demonstrating the work product doctrine applies. Plaintiff has simply labeled several internal communications and a memorandum as dealing with the status of the loan and/or property, proposed forbearance, strategy in collective action, damages in the form of payoff amounts, offer to satisfy the loans, and strategy for litigation. However, Plaintiff has provided no facts demonstrating that these documents were produced in anticipation of litigation. Rather, in its response to Defendant's motion, Plaintiff states that these documents "were plainly prepared at a time where there was a 'substantial likelihood that litigation would occur,' as evidenced

by the fact that Hancock was corresponding at that same time with its outside counsel related to the filing of this foreclosure action." (Doc. 82, p.17).

The problem with Plaintiff's explanation is that it assumes that the mere fact that a document was prepared during a time period where it was likely that litigation would occur is sufficient to warrant protection by the work product doctrine.  Rather, as the former Fifth Circuit noted:

> It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine.  We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible litigation.

United States v. Davis, 636 F.2d 1028, 1040 (5th Cir.1981) (citations omitted).[7] Accordingly, the more relevant question is: what was the primary motivating purpose behind the creation of the document.  Plaintiff has failed to show that the primary motivating purpose behind the creation of any of the withheld documents was to prepare or aid in possible or existing litigation.  Moreover, what is more troubling to the Court is that Plaintiff voluntarily agreed to produce documents 37 and 119, both of which were designated as work product and had similar descriptions in the privilege log as the documents Plaintiff continues to withhold.

Because there are only eight documents at issue, rather than have Plaintiff file a third amended privilege log, the Court will conduct an *in camera* review of the documents.  To that end, Plaintiff is directed to produce the documents being withheld on the basis of work product to the Court for an *in camera* review no later than

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

- 10 -

**Thursday, January 2, 2014**.  Plaintiff should also provide affidavits or other evidence to support its position that the primary motivating purpose behind the creation of the documents was to aid in litigation.  The Court will not accept conclusory statements.

### E.  Additional Issues

While Defendant has requested sanctions against Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court does not believe such an award is warranted in the instant case.  The Court again upheld the majority of Plaintiff's objections and believes Plaintiff's objections to the discovery requests at issue in this case were substantially justified.  Accordingly, Defendant's request for sanctions is denied.  Furthermore, to the extent Defendant seeks an extension of the discovery deadline in order to depose individuals regarding the documents, such does not appear necessary.  If the Court orders the production of any of the documents being withheld on the basis of the work product doctrine, it will consider whether further discovery is warranted.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 74) is **GRANTED IN PART AND DENIED IN PART** as provided in the body of this Order.

**DONE** and **ORDERED** in Jacksonville, Florida this __24th__ day of December, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record